MARKLE *v.* INDIANAPOLIS MOTOR INNS, INC.

[No. 16,162. Filed May 9, 1938. Rehearing denied June 29, 1938.]

*Bernard Stroyman,* for appellant.

*White, Wright & Boleman, William H. Deniston, George C. Forrey III* and *William E. Hart,* for appellee.

LAYMON, C. J.—Appellant suffered an injury as the result of an accident arising out of and in the course of his employment with appellee and thereafter entered into a compensation agreement, which was approved by the Industrial Board on June 18, 1937, providing for compensation to begin on May 20, 1937, at the rate of $15.43 per week during total disability resulting from said injury, not exceeding the period fixed by law. On August 11, 1937, appellant filed his application for an adjustment of his claim for compensation. On August 18, 1937, appellee filed its application for a review on account of change of conditions, alleging that the disability of appellant on account of his injury had ended.

The applications filed by appellant and appellee were consolidated for hearing before the single member of the board. By agreement of parties appellant's application was amended to include an allegation that the injury had resulted in a permanent partial impairment. The hearing member found that appellant had been tendered employment suitable to his physical capacity; that he should accept such offer; and that, in the event of a refusal, compensation should cease as of October 1, 1937. In due time appellant filed his petition for review. Upon review the full board found, among other things, that there has been a change in conditions in this: That the disability of appellant on account of said injury had ended since the date of the award, and did end as of July 29, 1937; and that appellant has suffered no permanent partial impairment as a result of the accidental injury. The board ordered that the compensation payable under the agreement approved June 18, 1937, should end as of July 29, 1937. It is from the award of the full board that appellant has appealed, assigning as error that the award is contrary to law.

Appellant challenges the sufficiency of the evidence to sustain the award of the full board.

In determining whether or not the evidence is sufficient to sustain an award of the full board, we must keep in mind that it is within the province of the Industrial Board, and not this court, to weigh the evidence and to draw from the facts proved legitimate inferences that seem most reasonable. It has been repeatedly held by this court that when the Industrial Board has reached a conclusion as to the ultimate facts and has embodied such conclusion in a finding of facts, this court must accept the facts so found as true, unless the evidence is of such a conclusive character as to force a contrary conclusion.

It appears from the undisputed facts established by

medical testimony that appellant, subsequent to the date of his injury, was afflicted with scoliosis, arthritis, arteriosclerosis, and myocarditis, but that these conditions were in no way associated with the alleged injury, nor were they a result of the accident.

It further appears from the evidence that the doctors who had occasion to examine appellant subsequent to his injury were unable to agree as to whether appellant's disability had ended or whether it had resulted in a permanent partial impairment. The physician and surgeon testifying on behalf of appellee, who not only examined appellant, but attended him at the time of his injury and up until July 20, 1937, stated that his treatment and examination of appellant from time to time, also the X-ray pictures taken while appellant was in the hospital, disclosed a marked scoliosis in the lower dorsal region and extensive arthritic changes throughout the lower dorsal region and the lumbar region of the spine; and that there was no evidence of fracture or of any bony pathology about the sacro-iliac region. The doctor further testified that from his examination on July 20, 1937, it was his opinion that appellant was able to do some ordinary kind of work; that appellant had not suffered any permanent partial impairment due to the injury; that when he first observed him appellant had a tremor, which had persisted since, but not at all times; that when appellant is at rest or not thinking about it his hand is quiet; and that when "this matter" is finally disposed of his tremor will subside. The witness was asked upon cross-examination:

"Q. You have mentioned everything you could think of except the injuries which the man had actually sustained in the accident. Let me ask you this question: Assuming that this matter is finally disposed of, would he completely get over those injuries which he sustained in the accident? A. Well, I think he is over them now. Q. You think he is over them now? A. I think he is."

The witness further stated that appellant does have good use of his legs and back.

The witnesses Lawlis and Zuhlke testified that they had observed appellant, subsequent to the date of his injury, engaging in certain activities, which they described before the hearing member, such as spading a flower garden, putting in a window frame, and carrying a stepladder; that he performed these tasks in the usual and ordinary manner, displaying his ability to stoop over and walk without the aid of a cane. This testimony was in conflict with that of appellant, who stated that subsequent to the accident, continuously up until the time of and at the hearing, he was unable to walk without a cane and could not stoop over without getting down on his knees.

The record further disclosed that on October 1, 1937, appellee, in writing, tendered appellant employment suitable to his physical capacity at the same salary he formerly received.

It is true that there is other evidence in the record from which it could be said that appellant's disability had not ended, but the evidence upon this question being in conflict, it follows that it is within the exclusive province of the Industrial Board to determine the conclusion to be reached. The evidence, as we view it, would have been sufficient to warrant the board in reaching a different conclusion, but since there is some evidence to sustain the finding of the board, we are not permitted to disturb it.

Appellant insists that this court should disregard the evidence of the witnesses Lawlis and Zuhlke because of certain inconsistencies in their testimony. While it appears that the witnesses made inconsistent statements in testifying, this, however, could only affect the credibility of the witnesses and the weight to be given to their testimony. It does not neces-

sarily render the evidence incompetent. It was within the exclusive province of the board to determine the credibility of the witnesses and the weight to be given to their testimony. We see no reason, in the instant case, for disregarding this evidence.

The award of the full board is affirmed.